1  John A. Cochran, WSBA #38909
2  johnpplllc@gmail.com
   Pacific Property Law LLC
3  8002 NE Hwy 99, Ste B, #64
   Vancouver, WA 98665
4  Phone: 503.756.0299
   **Of Attorneys for Plaintiff**
5

6              UNITED STATES DISTRICT COURT
7            WESTERN DISTRICT OF WASHINGTON
                        AT TACOMA
8

9  PAUL J. BECK,                      | CASE NO.  3:19-cv-00063

10 Plaintiffs,                        | **COMPLAINT FOR:**
                                      | 1. **VIOLATION OF FDCPA 1692(e)**
11 v.                                 | 2. **CONVERSION OF PERSONAL PROPERTY RIGHTS;**
12 SHELLPOINT MORTGAGE               | 3. **CONTRACTUAL BREACH OF GOOD FAITH FAIR DEALING**
   SERVICING; QUALITY LOAN          |
13 SERVICE CORPORATION OF            | **JURY DEMAND REQUESTED**
   WASHINGTON; DOES 1 through 3      |
14                                   |
   Defendants.                       |
15                                   |
16              Defendant.           |

17

18      COMES NOW Plaintiff, Paul J. Beck, by and through Pacific Property Law LLC, complains

19 and alleges upon information and belief:

20
                            **PARTIES**
21

22      1.      This action is brought by Paul J. Beck, Washington Resident, (Plaintiff) against

23 Quality Loan Service Corp. of Washington, the company that is the substitute Trustee for

24 Plaintiff's Deed of Trust.

25      2.      Defendant, Quality Loan Service Corp. of Washington has refused to show it, or

26

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

its principal is entitled to enforce Plaintiff's Note under Oregon's Uniform Commercial Code UCC as adopted in this State.  RCW 62A et. seq. The UCC is Washington's law controlling instruments and any associated security instruments.

3.      Defendant, Quality Loan Service Corp. of Washington (Quality Loan) is a corporation formed in the State of Washington. Its physical address is 108 First Ave. South, Suite 202, Seattle, WA 98104. Quality Loan's registered agent is Sierra Herbert-West, 108 First Ave. South, Suite 202, Seattle, WA 98104.

3.      Defendant Shellpoint Mortgage Servicing is a foreign business corporation headquartered at 75 Beattie Pl #300 in city of Greenville in the state of South Carolina. Shellpoint Mortgage Servicing is not an active entity of record with Washington's Secretary of State.

4.      Defendant Quality Loan Servicing corporate address is located at 108 1st Avenue S, Seattle, WA 98104.

5.      Defendant, Does 1 through 5:  Plaintiff is without knowledge of the true names and capacities of all potential defendants and therefore sues these Defendants as DOE. Plaintiff reserves the right to amend with the true names and capacities of any said DOE if any, when such information is ascertained.

COMMON ALLEGATIONS

6.      Plaintiff has worked long time to get loan modification with the alleged lender or the owner of the Note, or alleged owner of the Note. Plaintiff sent out a letter dated July 03, 2018 requesting information regarding the accounting and verification of debt as well as requested information regarding identity of the beneficiary and lender.  None of the Defendants responded or sent answers to Plaintiffs questions and requests for information.

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

7.      Plaintiff is a natural adult person; is a Consumer as defined in 15 U.S.C. §1692a (3); and is a resident of the State of Oregon at all relevant times herein.

8.      Plaintiff denies that Defendant can or is willing to produce Plaintiff's properly endorsed Note for inspection during this lawsuit.  This remains a question for Defendant to fulfill in discovery.

9.      Plaintiff denies having received notice that a default exists under Beck's Note from a person who was at that time the legal and true Owner of Plaintiff's Note or the true Owner's servicer who was then following instructions of the true Owner of that Note to so inform Plaintiff.

10.     Plaintiff asserts that it never received notice of default under Plaintiff's Note from the true Owner or its servicer, Plaintiff denies that any condition exists under Plaintiff's Security Instrument that would trigger a power of sale or foreclosure of Plaintiff's Property.

11.      Once again, Plaintiff has sent a letter requesting particular information and establishing that the current beneficiary does or does not have the right to enforce the promissory note, See **Exhibit 01**.  Said letter was sent on May 09, 2018 via regular mail and certified mail. The alleged lender and servicer have given NO proper response with the requested information sent back to Plaintiff in the legally required timeframe.  Plaintiff is a natural adult person; is a Consumer as defined in 15 U.S.C. §1692a (3); and is a resident of the State of Washington at all relevant times herein.

12.     Defendant has not admitted that it has no right to enforce Plaintiff's Note and Security Instrument, Plaintiff nevertheless maintains that Plaintiff has never received complete accounting information from Defendant(s) respecting the balance due, if any, on Plaintiff's Note. Plaintiff has received no information about insurance proceeds, claim settlements, or

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

1    indorsement warranty payments having been received or sought by the Defendant(s) respecting

2    the Note.  Lacking information to the contrary, Plaintiff denies that any balance is still owed

3    regarding its Note.

4    　　　13.    Any interpretation of the Note that potentially subjects Plaintiff to foreclosure

5    action from unknown parties and entities regarding Plaintiff's Note was never intended and was

6    never disclosed to Plaintiff as being a possibly result by the Lender.  Plaintiff never knowingly

7    intended to waive or disclaim Plaintiff's right to only have to pay the one person entitled to

8    enforce Plaintiff's Note, and the Lender never discussed that possibility or asked Plaintiff to

9    make such a waiver or disclaimer.  Any interpretation of Plaintiff's Note to the contrary would

10    be a mistake, a violation of Plaintiff's fundamental rights and not reflective of the intent and

11    purpose of that agreement.  Only the true legal Owner of Plaintiff's Note as defined by the UCC

12    for a particular time has any right to enforce Plaintiff's Note, and that is not the Defendant(s).

13

14    　　　14.    The Lender never disclosed or addressed that by executing its forms that Plaintiff

15    would be construed to have relinquished his right to only pay Plaintiff's obligation to the person

16    legally entitled to enforce it.  That possibility was never mentioned by Lender, and Plaintiff

17    never knowingly agreed to any such possibility.   Further, Plaintiff was never asked to, nor did

18    Plaintiff agree to honor demands regarding its Note made by anyone who didn't prove the actual

19    right by law to enforce Plaintiff's Note.  Any assertion to the contrary by Defendant will be

20    mistake or fraud, as the facts are to be revealed and inconsistent with the agreement made with

21    the Lender.

22

23    　　　15.    Plaintiff has never knowingly agreed that any person other than the true valid

24    legal Owner of Plaintiff's Note would have the right to enforce and therefore, foreclose

25    Plaintiff's Property pursuant to the Security Instrument that Plaintiff gave as collateral for its

26

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

Note.  The Lender never addressed or disclosed the possibility that, by signing its Security Instrument form, Plaintiff would be authorizing a person not entitled to enforce Plaintiff's Note, and not owed anything by Plaintiff to its Note, to take Plaintiff's home.  That was never the intent or approved legal purpose of the Security Instrument.

16.     Plaintiff denies the power of sale pursuant to the Security Instrument was ever initiated by action of the true legal Owner of the Note.

17.     The alleged trustee has never been instructed by the true Owner of the Note to initiate a foreclosure.

18.     The alleged trustee does not know the identity of true Owner of the Note, and, therefore does not know the person authorized to issue instructions regarding the Security Instrument.

19.     The alleged trustee doesn't use internal policies or procedures that would permit it to determine whether the person engaging it to initiate the foreclosure process under Plaintiff's Security Instrument and Washington's nonjudicial foreclosure law.

20.     Quality Loan Service Corp of Washington ("Quality") is acting as a Successor Trustee in order to assist in collecting on the alleged debt owed to the alleged owner of the Note and is Defendant in this Case.   Quality sent a Notice of Sale, dated March 08, 2018 setting and continuing a nonjudicial foreclosure trustee's sale on July 06, 2018.  Plaintiff alleges it requested a breakdown of the amount of the debt and who it is owed to both before and after this date.  Neither Quality or the alleged owner of the Note or alleged Servicer have ever sent any information pertaining to the amount of the debt owed or to whom it is owed and giving qualification to the Plaintiff's request for information, debt and who has right to enforce said debt.  The notice of sale asserts that the beneficiary is currently The Bank of New York Mellon as Trustee for the

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnppllllc@gmail.com

certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificate Series 2007-OA7, but Plaintiff has never received information regarding this alleged holder of the beneficial interest in the Deed of Trust or having any indicia of ownership in the Note delineating the debt that is secured by said Deed of Trust.

21.     As grounds for supporting the claims of standing, breach of contract, FDCPA violations and breach of covenant of good faith and fair dealing, Plaintiff alleges the following:

## II. JURISDICTION, VENUE, AND PARTIES

**A.     JURISDICTION**

*i.     Diversity of Citizenship*

22.     Diversity jurisdiction under 28 U.S.C. § 1332 exists because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.  The named parties are of completely diverse citizenships.  The Property is situated in the State of Washington and the Plaintiff is a resident of Washington.  Quality Loan Service Corp is located in California at 411 Ivy St, San Diego, CA 92101.  Shellpoint is located in South Carolina.

*ii.     Amount in Controversy*

23.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs.  This Complaint concerns a loan with an outstanding principal balance of $259,199.65 as of the date of the execution of the Notice of Sale or January 25, 2016. It is far more than that at this point in time. Therefore, the request for relief stated in this Complaint places the claim well over $75,000 in controversy, exclusive of interests and costs.

*iii.     Supplemental Jurisdiction*

24.     Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367.  This Court has authority to grant declaratory relief pursuant to

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

   ***iv.*  Federal Question Jurisdiction**

   25.  In addition, as a separate basis for jurisdiction, the United States District Court of the District of Oregon has original jurisdiction over this action under 28 U.S.C. 1331 (federal question).  As explained below, the action presents questions of federal law under the FDCPA 15 U.S.C. 1692 and covenant of good faith and fair dealing.

**B. VENUE**

   26.  Venue for all claims lies in the District of Washington since Plaintiff's claims arose from acts of the Defendants perpetrated therein or perpetrated on a Washington resident through the phone or mail system.

27.

   Defendant MERS caused an Assignment of Deed Trust to be recorded, on August 08, 2011.  The Assignment is executed by MERS and purports to transfer beneficial interest to Bank of New York Mellon ("BNYM") as Trustee for ALT 2007-OA7.

28.

   Plaintiff sent a letter to Shellpoint on May 09, 2018 via Certified Mail at mail No.:  7017 1450 0001 3017 6436; Return Receipt No.:  9590 9402 3515 7275 0373 93 (see **Exhibit 01**). The USPS printout confirms that the letter was delivered to Shellpoint on Monday, May 14, 2018 at 8:00 pm.  See Exhibit 01.  This letter requested information to illicit a response from Defendant(s) as to who actually holds the legal right to reinforce the Note and Deed of Trust pertaining to the Property mentioned herein. Plaintiff also sent a follow up tort letter dated December 07, 2018 referencing the May 09, 2018 letter and demanding that Shellpoint

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

1    immediately satisfy our request for information.  See **Exhibit 02**.

2                                     29.

3          Defendant has failed or refused to comply with the requests made through a formal letter

4    demanding response and information from Defendant.  Defendant has failed or refused to

5    produce genuine evidence establishing that it or any person it knows is the Owner of Plaintiff's

6    Note.  The MERSID shows that Bank of America N.A. is the servicer and Bank of NY Mellon is

7    acting as the investor.

8                                     30.

9          Plaintiff denies that Defendant is the Owner of its Note or the Servicer following

10   instructions of Defendant in regards to the Note and Deed of Trust.

11                                    31.

12         Defendant has admitted that Plaintiff's Note is not in default, that Plaintiff owes it

13   nothing, and that Plaintiff has not dishonored or breached the Note by refusing to comply with

14   the demands Defendant made upon Plaintiff.

15                                    32.

16         The Deed of Trust lists Defendant MERS as the Beneficiary under the Security

17   Instrument.

18                                    33.

19         The Deed of Trust lists Countrywide Bank, N.A. (hereinafter "COUNTRYWIDE") as the

20   original mortgage lender.  COUNTRYWIDE has now been merged into and is now part of

21   BANK OF AMERICA.

22

23                                    34.

24         Defendant MERS caused an Assignment of Deed Trust to be recorded and the

25   Assignment was executed by MERS and purports to transfer beneficial interest to successors and

26   possibly unknown Assignees.

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

1                                    35.

2          Upon information and belief, the Defendant is not the real party in interest in this case

3   because it has no economic or beneficial interest in Plaintiff's Note and Security Instrument;

4   because it lacks authority to discharge Plaintiff's obligation under Plaintiff's Note or to

5   otherwise settle the dispute before this Court should settlement efforts be attempted during this

6   lawsuit; and because it is not the Owner of my Note or Defendant's Servicer regarding Plaintiff's

7   Note and Security Instrument.

8                                    36.

9          Plaintiff's Note, a copy of which, as it existed when Plaintiff executed it in 2007, it

10  reflects no indorsements or allonges but, upon information and belief, it has been sold,

11  exchanged, traded, assigned, or otherwise transferred since then.

12                                   37.

13         Plaintiff's Note is a negotiable instrument pursuant to the UCC, and accordingly, the

14  right to enforce it is determined by that law.

15                                   38.

16         Plaintiff denies that Defendant lender obtained possession of the physical Note via a

17  voluntary transfer of all the interests in Plaintiff's Note from a person who at that time was the

18  actual legal and valid holder of Plaintiff's Note.

19

20                                   39.

21         It appears that this loan has been transferred improperly based on the timing of the

22  transfer of this asset to a governmental agency or some unknown trust and then also as a result of

23  the improper transfer involving MERS as an invalid beneficiary.

24                                   40.

25         Plaintiff denies that Defendant can or is willing to produce Plaintiff's Note for inspection

26

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

1  during this lawsuit.

2  41.

3  Plaintiff denies having received notice that a default exists under their Note from a person

4  who was at that time the legal and true Owner of my Note or the true Owner's servicer who was

5  then following instructions of the true Owner of that Note to so inform Plaintiff.

6

7  42.

8  Plaintiff asserts that as result of never having received notice of default under Plaintiff's

9  Note from the true Owner or its servicer, Plaintiff denies that any condition exists under

10  Plaintiff's Security Instrument that would trigger a power of sale or foreclosure of Plaintiff's

11  Property.

12  43.

13  Upon information and belief, never having received notice of default under Plaintiff's

14  Note from the true Owner of its Note or its legitimate Servicer, Plaintiff denies that any refusal

15  on Plaintiff's part to make payments or to comply with any demand made by Defendant in any

16  way evidences Plaintiff's dishonor of its Note, request of payment, the creation of any

17  delinquency, or a condition triggering any right to foreclose or use a power of sale under the

18  Security Instrument.

19  44.

20  Plaintiff denies that Defendant's ability to write demand letters and to make threats

21  regarding Plaintiff Note and Security Instrument establishes in any way that it has a right to

22  enforce either.

23  45.

24

25  Additionally, when a Note is transferred, it must be endorsed and signed, in the manner

26  of a person signing his paycheck over to another party.  Customary procedure was to endorse it

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

as "Pay to the Order of" and the name of the party taking the Note and then signed by the endorsing party.  With a new party holding the Note, there would now need to be an Assignment of the Debt. This could not work if MERS was to be the foreclosing party. Once a name is placed into the endorsement of the Note, then that person has the beneficial interest in the Note. Any attempt by MERS to foreclose in the MERS name would result in a challenge to the foreclosure since the Note was owned by the "Lender" party and MERS was the "Beneficiary". MERS would not have the legal standing to foreclose, since only the "person of interest" would have such authority. So, it was decided that the Note would be endorsed "in blank", which effectively made the Note a "Bearer Bond", and anyone holding the Note would have the "legal standing" to enforce the Note under Uniform Commercial Code. This would also suggest that Assignments would not be necessary. MERS is not the true beneficiary of the loan and probably has no knowledge of the true beneficiary of the loan for whom they are representing in an "Agency" relationship.  In this instance regarding this Note and Trust Deed, they were held by separate entities and the Deed of Trust has no assignable quality independent of the debt.  It can be argued that if the Deed of Trust and Note are not together with the same entity, then there can be NO enforcement of the Note.  The Deed of Trust enforces the Note and provides the capability for the lender to foreclose on the Security Interest, i.e. the Property. If the Deed of Trust is separate from the Note, then enforcement, i.e. foreclosure cannot occur.  In the instant case, Shellpoint as well as Bank of America, N.A. nor former beneficiaries had proper legal standing to foreclose on the subject Property mentioned herein.

46.

Even though Defendant has not admitted that it has no right to enforce Plaintiff's Note and Security Instrument, Plaintiff nevertheless maintains that Plaintiff has never received complete accounting information from Defendant(s) respecting the balance due, if any, on Plaintiff's Note. Plaintiff has received no information about insurance proceeds, claim settlements, or indorsement

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnppllllc@gmail.com

1  warranty payments having been received or sought by the Defendant(s) respecting the Note. Lacking

2  information to the contrary, Plaintiff denies that any balance is still owed regarding its Note.

3  47.

4  Because Defendant is not the true legal Owner of Plaintiff's Note or a Servicer of the true

5  Owner of the Note, Plaintiff further denies that Defendant's comments or questions about my

6  Note elevate in the least its legal status or right to enforce Beck's Note pursuant to Washington's

7  version of the Uniform Commercial Code.

8  48.

9

10  **CLAIM FOR NO STANDING**

11  Plaintiff assets that Defendant lacks standing in this case, having no economic or

12  beneficial interest in Plaintiff's note, and no complete dominion over it, including no right to

13  enforce Plaintiff's Note pursuant to the UCC.

14  49.

15

16  Even if Defendant can claim to be the "Lender", upon information and belief, Plaintiff's

17  Note was sold one or more times to others and Defendant no longer owns or has full dominion

18  over Plaintiff's Note, including no right to enforce Plaintiff's Note per the UCC.

19  50.

20  Mortgage Electronic Registration Systems, Inc. (referred to in these examples as

21  ShellGame-MERS) has no employees, no revenue, no assets of any consequence, no business

22  operations, no electronic date system that tracks real estate loans in America, and no economic or

23  beneficial interest in any Note, mortgage, or deed of trust.

24  51.

25

26  ShellGame-MERS has no economic or beneficial interest in my Note and therefore has

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

1  always lacked authority under the UCC to sell, assign, transfer, or otherwise deal in my Note or

2  Security Instrument of its own volition or on its own belief.

3                                              52.

4       Plaintiff asserts that any document introduced by Defendant in this case that purports to

5  be an assignment declaration, transfer or affidavit executed by MERS was not executed by or

6  pursuant to any instruction from ShellGame-MERS respecting Plaintiff's Note or Security

7  Instrument and is invalid and has no legal effect regarding Plaintiff's Note and Security

8
   Instrument.
9

10                                             53.

11      MERS has not received any instruction from, nor taken any action on the behalf of, the

12  Owner of my Note respecting Plaintiff's Note or Security Instrument at any time relevant hereto.

13  That is, MERS has never acted as nominee or agent of any Owner of Plaintiff's Note, and,

14  accordingly, any alleged action by MERS respecting Plaintiff's Note and Security Instrument is

15  invalid and of no legal effect.
16

17                                             54.

18      MERS was not a party to the real estate loan process that resulted in Plaintiff's Note and

19  Security Instrument.  Accordingly, neither MERS nor anyone alleging to represent it has

20  personal knowledge of the communications or negotiations that preceded or culminated in the

21  creation of Plaintiff's Note and Security Instrument.
22

23                                             55.

24      Plaintiff asserts that the Security Instrument was never intended to, and does not, grant

25  any authority for MERS to take any action respecting the Security Instrument or Plaintiff's Note

26  except upon clear and advance instructions of the then Owners of Plaintiff's Note.  The Lender

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

1    never said otherwise and Plaintiff never knowingly agreed otherwise.

2                                        56.

3         The Lender, not Plaintiff, inserted the name of MERS into the Lender's Security

4    Instrument form.  Plaintiff was never informed of the agreement between the Lender and MERS

5    regarding any relationship they had or would have.  Upon information and belief, Plaintiff denies

6    that MERS and the Lender actually had, at that time, any agency relationship respecting my Note

7    and Security Instrument.  Plaintiff further denies that any such agency relationship was later

8    made between the Lender and MERS.

9

10                                       57.

11        Plaintiff denies that MERS had any agency relationship with potential future and

12   unidentified successor to the Lender when Plaintiff executed its Security Instrument.  Further,

13   Plaintiff denies that MERS and any subsequent successor to the Lender, who also obtained the

14   right to enforce Plaintiff's Note, established any agency relationship respecting Plaintiff's Note

15   and Security Instrument.

16

17                                       58.

18        By signing the Security Instrument form Plaintiff did no more than acknowledge that the

19   lender had inserted the name of MERS into that document.  Plaintiff was never asked by the

20   Lender or any of the then potential and unidentified successors to appoint MERS as agent for any

21   of them.  Plaintiff has never been asked to, had the authority to, or ever accepted responsibility

22   for, appointing an agent for the Lender or any of its successors respecting Plaintiff's Note and

23   Security Instrument.  Plaintiff never knowingly granted any rights independently exercisable by

24   or to MERS respecting Plaintiff's Note and Security Instrument or created in it any rights with

25   successors obtained the right to enforce Plaintiff's Note.

26

Page 14 – COMPLAINT FOR CONVERSION OF PERSONAL PROPERTY, FDCPA VIOLATIONS & BREACH OF
              GOOD FAITH AND FAIR DEALING, ETC

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

59.

As a result of Defendant's breach and inability to show its right to enforce said Note and Deed of Trust, Plaintiff ask for all attempts to foreclosure or collect on Note and Security Instrument be rescinded and enjoined.  The Deed of Trust does not allow for nonparties to engage in violations of FDCPA and conversion.  Plaintiff retained an Attorney and seeks reimbursement for his reasonable attorney fees, as authorized by the Note and Deed of Trust that are the operative documents that Defendant is seeking to enforce said obligation of Plaintiff through the former foreclosure and current collection action.

**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

60.

Plaintiffs re-allege and by reference all preceding paragraphs as though fully set forth herein.

61.

Under this claim for violation of FDCPA based on Defendant's improper collection of said debt against Plaintiff, Plaintiff argues two points: (1) the new beneficiary Investors, has no interest in this Note and Deed of Trust and should not have authority to hire Shellpoint or Quality Loan Service Corporation of Washington or any debt collector or ownership of debt or right to enforce said debt; and (2) SPS as well Shellpoint used misleading and false information in receiving said debt from Borrower, the Becks.  Under point 1 that this would basically amount to an assignee collecting upon a debt after the issuance of default since Investor ("Investor") does NOT own this debt.  It is not apparent exactly who is acting as original creditor but everyone else is then acting as an assignee of a default loan or "debt in default" and therefore qualifies as a collector under the FDCPA. Since the servicer is not known for sure, when the proper Servicer is identified then it too would qualify as debt collector and any of those actors associated therewith would later qualify as debt collectors after

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

1    discovery.  Additionally, any possible other defendants are added to this Complaint may qualify.  If

2    any potential or alleged Servicers claims to owe the debt and if it does not in fact owe said debt, this

3    would qualify as deceptive and misleading conduct on behalf of said servicer in addition to other

4    violations as result of improper conduct or neglecting to notify borrower of said transfer to the

5    respective servicer.

6    62.

7    The FDCPA is a strict liability statute which specifically prohibits "[t]he use of any false

8    representation or deceptive means to collect or attempt to collect any debt or to obtain information

9    regarding a consumer." 15 U.S.C. § 1692e(10). The FDCPA was enacted "to eliminate abusive debt

10   collection practices by debt collectors, to ensure that those debts collectors who refrain from using

11   abusive debt collection practices are not competitively disadvantaged, and to promote consistent

12   State action to protect consumers against debt collection abuses." *Miller v. Javitch, Block &*

13   
14   *Rathbone*, 561 F.3d 588, 591 (6th Cir. 2009) (quoting 15 U.S.C. § 1692€).

15   63.

16   To assess whether particular conduct violates the FDCPA, courts use the "least sophisticated

17   debtor" standard. *See Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1227 (9th

18   Cir. 1988). This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as

19   well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2nd Cir. 1993).

20   64.

21   
22   When applying the "least sophisticated consumer" standard, the Misleading statement must

23   also be materially false or misleading to violate FDCPA 15 U.S.C. § 1692e. *Miller* at 596-97. "The

24   materiality standard simply means that in addition to being technically false, a statement would tend

25   to mislead or confuse the reasonable unsophisticated consumer." *Wallace v. Washington Mut. Bank,*

26   *F.A.*, 683 F.3d 323, 326-27 (6th Cir. 2012).

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

65.

The FDCPA defines the term "debt collector" to include generally "any person [1] who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added). The definition excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . is incidental to a bona fide fiduciary obligation." Id. § 1692a(6)(F)(i).

66.

The FDCPA's definition of debt collector, however, does not include any requirement that a debt collector be engaged in an activity by which it makes a "demand for payment," as many lenders and servicers try to claim. They try to argue that the notice letters and papers they used to initiate foreclosure proceedings were somehow to be distinguished from letters amounting to actual debt collection efforts, maintaining that foreclosure papers are not an attempt to collect a debt.

67.

As courts have previously explained, however, "nothing in [the] language [of the FDCPA] requires that a debt collector's misrepresentation [or other violative actions] be made as part of an express demand for payment or even as part of an action designed to induce the debtor to pay.

68.

Given the tests above, it is very clear that if QLSC and new Investor and Shellpoint is found to have no title or interest in either the Note or Deed of Trust for this loan, it has been literally

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

1  violating the FDCPA month after month since it allegedly attempted to take title through an

2  assignment of ownership in the Deed of Trust since the Assignment from MERS to Bank of

3  America, N.A. and then from Bank of America to Bank of New York Mellon with an alleged

4  servicer known as Quality Loan Servicing Corporation of Washington.   Appears to have transferred

5  to an unknown and illegal investor entity lender leading up to current illegal investors improper

6  claim to legal ownership in the Deed of Trust and Note.

7                                   69.

8
9      The way in which Investor and QLSC and Shellpoint has committed numerous violations

   using false representations and unfair and deceptive practices to collect against Plaintiff should
10
   entitle Plaintiff to an award of damages in an amount of no less than from the date of assignment
11
   from MERS which arguably would led to violations every month ($1000 per violation) for 8 years
12
13  for an amount of no less than $50,000.

14                          **FDCPA COUNT 1**
          **15 U.S.C. § 1692 E(2) – FALSE OR MISLEADING REPRESENTATION IN**
15                                **COMMUNICATIONS**

16                                   70.

17     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

18  set forth herein.

19
                                     71.
20
21     Plaintiff requested proof from SHELLPOINT to show it, or a principal, had the threshold

22  legal rights to declare a default, and then enforce her Note under the UCC by virtue of a Trustee's

23  sale based solely on alleged rights in the security instrument.

24                                   72.

25     Based on the responses Plaintiff received from SHELLPOINT, Plaintiff denies the Note is in

26  default, and as such, owes nothing to an alleged Holder of her Note.

Page 18 — COMPLAINT FOR CONVERSION OF PERSONAL PROPERTY, FDCPA VIOLATIONS & BREACH OF
              GOOD FAITH AND FAIR DEALING, ETC

73.

SHELLPOINT in attempting to sell Plaintiff's home sent letters and notices to Plaintiff, wherein it alleged it had the right to sell her property, because of an alleged default.

74.

SHELLPOINT failed, refused, or could not show that it, or its principal, held the legal right to enforce her Note and then act to sell her property.

75.

Given SHELLPOINT failed, refused, or cannot show it, or a principal is fully entitled to enforce her Note, it communicated false information concerning the legal character of the alleged debt by acting as, or for, an alleged Holder of the Note.

76.

Given Plaintiff denies the Note is in default, SHELLPOINT communicated false information concerning the amount of the alleged debt by acting as, or for, an alleged Holder of the Note.

77.

Given SHELLPOINT failed, refused, or cannot respond to Plaintiff's letters regarding its legal status as Holder, or the agent thereof, it communicated false information concerning the legal status of the alleged debt by acting as, or for, an alleged Holder of the Note.

78.

QLSC sent notice to Plaintiff that it and SHELLPOINT and alleged Lender, BNY 2007-OA7 was proceeding with the sale.

79.

By its actions, Defendants, SHELLPOINT and agents violated 15 U.S.C. § 1692 e(2)

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

1  regarding communication related to the character, amount, or legal status of the alleged debt.

2  **FDCPA COUNT 2**

3  **15 U.S.C. § 1692 F – UNFAIR PRACTICES**

4  80.

5  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

6  fully set forth herein.

7  81.

8
9  Plaintiff requested proof from SHELLPOINT to show it, or a principal, had the threshold

10  legal rights to declare a default, and then enforce his Note under the UCC by virtue of

11  a Trustee's sale based solely on alleged rights in the security instrument.

12  82.

13  SHELLPOINT failed, refused, or could not show that it, or its principal, held the legal

14  right to enforce her Note and then act to sell her property.

15
16  83.

17  Based on the responses Plaintiff received from SHELLPOINT, Plaintiff denies the Note

18  is in default, and as such, owes nothing to an alleged Holder of his Note.

19  84.

20  Plaintiff, a reasonable and prudent person, sent letters to SHELLPOINT requesting

21  information regarding its, and its principal's legal status under the UCC.

22  85.

23
24  Plaintiff sought assurances that a valid Holder of her Note sought to enforce the security

25  instrument.

26  86.

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

Plaintiff offered to surrender the property, IF Quality Loan could show it, or another, held the rights to enforce her Note, and then exercise the security interest.

87.

SHELLPOINT elected to belligerently and callously exercise its alleged rights in the ancillary Deed of Trust, even though it cannot show it has a right to enforce the Note.

88.

SHELLPOINT violated 15 U.S.C. § 1692 f by engaging in unfair and unconscionable means to collect or attempt to collect the alleged debt.

**FDCPA COUNT 3**

**15 U.S.C. § 1692 F(1) - UNFAIR PRACTICES 1**

89.

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

90.

The Oregon's UCC controls the transfer of rights in negotiable instruments.

91.

As a citizen of Oregon, Plaintiff has equal access to its laws and the procedures and protections therein.

92.

Plaintiff requested proof from SHELLPOINT to show it, or a principal, had the threshold legal rights to declare a default, and then enforce his Note under the UCC by virtue of a Trustee's sale based solely on alleged rights in the security instrument.

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

93.

SHELLPOINT failed, refused, or could not show that it, or its principal, held the legal right to enforce Plaintiff's Note and then act to sell her property.

94.

SHELLPOINT failed, refused or could not show that it had, or has, a legal nexus to her Note and any enforcement rights therein.

95.

SHELLPOINT violated 15 U.S.C. § 1692 f(1), by attempting to collect an amount it could not show was permitted to collect by law under the statutory scheme of Oregon's UCC.

**COUNT 4**

**15 U.S.C. § 1692 F(1) - UNFAIR PRACTICES 2**

96.

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

97.

The Oregon's UCC controls the transfer of rights in negotiable instruments.

98.

As citizen of Oregon, Plaintiff has right to avail itself of the laws and the procedures and protections therein.

99.

Plaintiff requested proof from SHELLPOINT to show it, or a principal, had, or has, the threshold legal rights to declare a default, and then enforce his Note under the UCC by virtue of

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

1    a Trustee's sale based solely on alleged rights in the security instrument.

2                                      100.

3        SHELLPOINT failed, refused, or could not show that it, or its principal, held the legal

4    right to enforce her Note and then act to sell his property.

5                                      101.

6        Quality Loan failed, refused, or could not show that it had a legal nexus, as a party or

7    rightful Holder of her Note with any enforcement rights therein.

8                                      102.

9        SHELLPOINT and its principal are not a valid Holder of Plaintiff's Note.

10                                     103.

11       SHELLPOINT violated 15 U.S.C. § 1692 f(1), by attempting to enforce the Deed of

12   Trust when it cannot show it, or its principal are an interested party to the agreement creating the

13   alleged debt by virtue of a fully qualifying UCC transfer of rights.

14

15

16

17                            **FDCPA COUNT 5**

18             **15 U.S.C. §§ 1692 E(2), F, & F(1) - UNFAIR PRACTICES 3**

19                                     104.

20       Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

21   fully set forth herein.

22                                     105.

23       Plaintiff requested proof from SHELLPOINT to show the debt was a valid debt; that it

24   had a legal right to enforce the Note; and then exercise any legal rights it had in the Deed of

25   Trust.

26

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

1

106.

2

Plaintiff offered to surrender the property, if SHELLPOINT could show it, or another,

3

held the rights to enforce his Note, and then exercise the security interest.

4

107.

5

SHELLPOINT failed, refused, or could not show that it, or its principal, held the legal

6

right to enforce his Note and then act to sell his property.

7

8

108.

9

SHELLPOINT failed, refused, or could not show, that the alleged underlying debt was a

10

valid debt.

11

109.

12

SHELLPOINT failed to show it possessed any legal rights in his Deed of Trust by virtue

13

of a fully qualifying UCC transfer of the Note, which is the underlying debt instrument its

14

actions are based on.

15

16

110.

17

The enforcement of notes and the protections afforded Plaintiff under the UCC and

18

FDCPA are inextricably intertwined.

19

111.

20

SHELLPOINT and Quality Loan Servicing violated 15 U.S.C. §§ 1692 e(2), f, & f(1)

21

when it failed to validate and misrepresented the character, amount, or legal status of the alleged

22

debt associated with the Note when attempting to consummate a Judicial Foreclosure sale and

23

foreclose on Plaintiff's personal property rights in the Note and real property rights in the

24

property.

25

26

Page 24 – COMPLAINT FOR CONVERSION OF PERSONAL PROPERTY, FDCPA VIOLATIONS & BREACH OF
GOOD FAITH AND FAIR DEALING, ETC

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

## FOURTH CLAIM FOR RELIEF

### CONVERSION

112.

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

113.

The counterparties to the Note and Deed of Trust enjoy a myriad of personal property rights in the instruments, which include procedural rights under several bodies of law which includes Oregon's UCC. It is important to remember that these procedural rights are not merely notional.

114.

SHELLPOINT and QUALITY is liable for common-law conversion.

115.

Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.

116.

In determining the seriousness of the interference and the justice of requiring the actor to pay the full value, the following factors are important:

a. the extent and duration of the actor's exercise of dominion or control;

b. the actor's intent to assert a right in fact inconsistent with the other's right of control;

c. the actor's good faith;

d. the extent and duration of the resulting interference with the other's right of control;

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

e. the harm done to the chattel;

f. the inconvenience and expense caused to the other.

117.

SHELLPOINT and QUALITY converted the personal property rights (her chattel) of Plaintiff in her Note for its own use.

118.

Plaintiff has the right to challenge SHELLPOINT, QUALITY, and an alleged Holder, of her Note under the UCC.

119.

SHELLPOINT's failure or refusal to honor Plaintiff's rights is a 'taking' of her 'rights and protections' enjoyed in her Note and the laws of Oregon.

120.

Defendant(s) as the alleged person entitled to enforce the Note, or as its agent, withheld information and documents relevant to the mortgage loan, Note, and Deed of Trust, and its alleged legal status.

121.

SHELLPOINT was and is withholding of information related to Plaintiff's Note. The extent and duration of the SHELLPOINT's exercise of dominion and control over Plaintiff's personal property rights in her Note, extends to the date of filing this Complaint.

122.

SHELLPOINT committed extreme and outrageous acts when it repeatedly ignored Plaintiff's UCC demand letters and continued its foreclosure acts without a showing that it, or a principal, had the authority to enforce the Note.

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

123.

SHELLPOINT & QUALITY had opportunity to demonstrate under Oregon's UCC, the FDCPA, Regulation X, and Oregon's foreclosure laws that it or its principal is the valid holder of Plaintiff's Note.

124.

SHELLPOINT and QUALITY is liable to Plaintiff for common-law conversion of her personal property rights (chattel) in her Note.

**FIFTH CLAIM FOR RELIEF**

**BREACH OF GOOD FAITH AND DUTIES OF CARE**

125.

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

126.

The UCC at ORS 71.2010(t) shows, ""Good faith," except as otherwise provided in ORS chapter 75, means honesty in fact and the observance of reasonable commercial standards of fair dealing." In pertinent part, ORS 71.3020(2) reads, "The obligations of good faith, diligence, reasonableness and care prescribed by the Uniform Commercial Code may not be disclaimed by agreement." Furthermore, ORS 71.3040 shows, "Every contract or duty within the Uniform Commercial Code imposes an obligation of good faith in its performance and enforcement."

127.

Under Oregon's foreclosure laws and the UCC, Quality Loan failed to:

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

a. Exercise its duty of good faith toward the borrower by deferring solely to the lender when deciding whether to postpone a foreclosure while it secured the records to show it, or its principal was fully entitled to enforce the Note under the UCC.

b. Abide by the law having concealed material information needed by Plaintiff related to an alleged default and the Holder's right to declare a default, so that she could surrender the property to the proper Person.

c. Provide records to show SHELLPOINT, or its principal, was the valid Holder of the Note, to which she could surrender the property.

128.

SHELLPOINT and QUALITY both failed to fulfill its duty to Plaintiff by failing to act in a legal and reasonable manner, to which Plaintiff could surrender the property, with the assurances she

sought.

## PLAINTIFF RESERVES RIGHT TO AMEND

129.

Plaintiff reserves the right to add parties as it learns of separate and specific names of improperly and erroneously titled proper and necessary parties to this action.

130.

Plaintiff respectfully request the Court to allow leave to amend any pleading deficiencies or any new information obtained through discovery.

WHEREFORE, Plaintiff will ask for the following for each Claim for Relief sustained:

1. Plaintiff's Claims Invalidating the Sale Request the following Relief:
   i. For Declaratory Judgment voiding, invalidating and declaring that the current beneficiary is invalid ; and

Page 28 – COMPLAINT FOR CONVERSION OF PERSONAL PROPERTY, FDCPA VIOLATIONS & BREACH OF GOOD FAITH AND FAIR DEALING, ETC

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com

1

        ii.  For Injunctive relief barring Defendants' from seeking an eviction or
             otherwise seeking to dispossess Plaintiff of the property.

2. For Compensatory Damages in an amount to be determined by proof at trial.

2

3. For a temporary, preliminary or permanent injunction as awarded.

3

4. For Special Damages in an amount to be determined by proof at trial.
5. For General Damages in an amount to be determined by proof at trial.

4

6. Awarding Plaintiff its reasonable Attorney Fees and Costs of this Action.
7. For a judgment either reforming or rescinding the Note and Deed of Trust and

5

setting forth terms of restitution.
8. For any prejudgment or other interest according to law.

6

9. For whatever relief the Court deems just and equitable.

7

DATED January 14, 2019.

8

9

                             /s/ John A. Cochran

10

                             John A. Cochran, WSBA #38909

11

                             Of Attorneys for Plaintiff
                             Email:  johnpplllc@gmail.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Pacific Property Law LLC
8802 Hwy 99, Ste. B, #64
Vancouver, WA 98665
Phone (503) 756-0299
johnpplllc@gmail.com